UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

GINNETTE WHEATER,

       Plaintiff,                                            Hon. Robert J. Jonker

v.                                                      Case No. 1:11-CV-732

COMMISSIONER OF SOCIAL
SECURITY,

       Defendant.
_____/

## REPORT AND RECOMMENDATION

This matter is before the Court on Defendant's Motion to Dismiss. (Dkt. #5). Specifically, Defendant asserts that Plaintiff's complaint must be dismissed on the ground that it was not timely filed. Pursuant to 28 U.S.C. § 636(b)(1)(B), the undersigned recommends that Defendant's motion be **granted**.

On July 15, 2011, Plaintiff initiated the present action appealing the Commissioner's decision denying her claim for benefits. Pursuant to 42 U.S.C. § 405(g), appeals such as this must be filed in the district court within 60 days of the Commissioner's final decision. This requirement is not jurisdictional in nature, but instead operates as a statute of limitations. *See Bowen v. City of New York*, 476 U.S. 467, 478 (1986). However, because this limitations period constitutes a waiver of sovereign immunity it "must be strictly construed." *Id.* at 479. Equitable tolling of the limitations period is appropriate only in "exceptional circumstances" and Plaintiff bears the burden of establishing that such circumstances exist. *See Kellum v. Commissioner of Social Security*, 295 Fed. Appx. 47, 49 (6th Cir., Oct. 1, 2008). Equitable tolling "generally applies only when a litigant's

failure to meet a legally-mandated deadline unavoidably arose from circumstances beyond that litigant's control." *Id.* at 50. As discussed below, Plaintiff's action was filed after the expiration of the relevant 60 day period. While equitable tolling of the limitations period is appropriate in certain limited circumstances, Plaintiff has failed to establish entitlement thereto. Furthermore, while Plaintiff could have requested from the Commissioner an extension of time within which to initiate her appeal in the district court, she made no such request.

Plaintiff filed for disability benefits on February 6, 2008. (Dkt. #6, Exhibit 1). Her application was denied, after which time she requested a hearing before an Administrative Law Judge (ALJ). On April 22, 2010, Plaintiff appeared before ALJ Paul Jones. In a decision dated May 11, 2010, the ALJ determined that Plaintiff was not disabled. Plaintiff appealed this determination to the Appeals Council. In a decision dated April 26, 2011, the Appeals Council declined to review the ALJ's determination, rendering it the Commissioner's final decision in the matter. This decision instructed Plaintiff that if she wished to seek judicial review of the Commissioner's determination, she must do so within 60 days. Plaintiff was further informed that

> The 60 days start the day after you receive this letter. We assume you received this letter 5 days after the date on it unless you show us that you did not receive it within the 5-day period.
>
> If you cannot file for court review within 60 days, you may ask the Appeals Council to extend your time to file.

*Id.*

Accordingly, the 60 day limitations period began to run April 27, 2011, and expired on June 27, 2011. Plaintiff initiated the present action on July 15, 2011. Thus, Plaintiff's action is untimely. As indicated above, the relevant statute of limitations is subject to equitable tolling in

2

certain circumstances. However, Plaintiff has not established entitlement to such relief. Plaintiff's attorney concedes that he "computed the wrong deadline for the appeal," but nevertheless opposes dismissal on the sole ground that "this error is the fault of [counsel] and not of the Plaintiff." Such is an insufficient basis for applying equitable tolling. *See, e.g., Smith v. Astrue*, 2010 WL 3259388 at *1 (11th Cir., Aug. 17, 2010) (attorney error is not a basis for application of equitable tolling); *Torres v. Barnhart*, 417 F.3d 276, 283 (2nd Cir. 2005) (same); *Bowlin v. Astrue*, 2010 WL 5113987 at *3 (S.D. Ill., Dec. 9, 2010) (same); *Singleton v. Commissioner of Social Security*, 2010 WL 3734060 at *5 (W.D. Mich., Mar. 24, 2010) (same).

Plaintiff was notified of the time period within which to file her claim in the district court and there is neither evidence nor allegation that Defendant undertook any improper action in this matter. *See Bowen*, 476 U.S. at 481-82; *Day v. Shalala*, 23 F.3d 1052, 1058 (6th Cir. 1994); *White v. Commissioner of Soc. Sec.*, 2003 WL 22905309 at *1-2 (6th Cir., Nov. 26, 2003). Finally, while Plaintiff could have requested an extension of time within which to file her appeal in the district court, she did not request any such extension.

## CONCLUSION

For the reasons articulated herein, the undersigned recommends that Defendant's Motion to Dismiss, (dkt. #5), be **granted**.

OBJECTIONS to this report and recommendation must be filed with the Clerk of Court within fourteen (14) days of the date of service of this notice. 28 U.S.C. § 636(b)(1)(C). Failure to file objections within the specified time waives the right to appeal the District Court's

order.  *See Thomas v. Arn*, 474 U.S. 140 (1985); *United States v. Walters*, 638 F.2d 947 (6th Cir. 1981).

Date:  February 27, 2012                                          /s/ Ellen S. Carmody             
                                                                                         ELLEN S. CARMODY
                                                                                         United States Magistrate Judge